# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**EQUILON ENTER. L.L.C.,**

      **Plaintiff,**                       **CIVIL ACTION NO. 05-CV-72899-DT**

   vs.

                                    **DISTRICT JUDGE ARTHUR J. TARNOW**

**D AND D SERV., INC.,–**
**TWELVE AND EVERGREEN**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Plaintiff recover from Defendants reasonable attorney fees on appeal in the amount of $31,973.15.

\*\*\*

This matter comes before the Court on Plaintiff's Motion for Attorney Fees on Appeal. Plaintiff filed its Motion in the Sixth Circuit Court of Appeals on May 31, 2007. That Court granted Plaintiff's Motion and remanded the case to the district court to determine the amount of reasonable attorney fees that Plaintiff should recover. Judge Tarnow referred the matter to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 73). Defendants responded to Plaintiff's Motion in the Court of Appeals by brief filed on June 21, 2007. The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). This matter is therefore now ready for ruling.

Plaintiff supported its Motion in the Sixth Circuit with its detailed billing records showing attorney fees on appeal in the total amount of $31,973.15. Plaintiff's records reflect disbursements

associated with the appeal but these are not included in the above amount of attorney fees. This amount is based on the hourly rates for Daniel G. Wyllie, a member of the firm Dykema Gossett, of $383.00, Kathleen M. Lewis, a member of the same firm, of $374.00, and Katrina H. Staub, an associate of the same firm, of $189.00. (Plaintiff's Motion at 5). Mr. Wyllie submitted an affidavit with Plaintiff's Motion attesting that the facts represented in the Motion were true.

Defendants' Response focused on Plaintiff's right under the contract between the parties to recover attorney fees. Defendants did not argue that the fees listed by Plaintiff in its Motion were unreasonable.

The "lodestar" figure (the reasonable hourly rate times reasonable hours expended) is presumed to be the reasonable attorney's fee in this case. *See Miller v. Alldata Corp.*, 14 Fed. App'x 457, 468 (6th Cir. 2001). In addition, a court considers the following factors when calculating the reasonableness of attorney's fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. (*Id.*).

The lodestar figure in this action is $31,973.15. After considering the above factors in light of the evidence supporting the amount of fees requested, the Court finds that the lodestar amount is reasonable. This case involved complex issues related to Shell Oil Co.'s modification of its product distribution strategy which caused Defendants to argue that Shell excused them from their contractual obligations to sell only Shell-branded gasoline in the Detroit market. There was therefore much at stake in the litigation. Plaintiff's attorneys have extensive experience in similar

litigation and appellate practice. The Court is convinced that the attorneys' hourly rates are reasonable for the Detroit market. Plaintiff should therefore recover $31,973.15 in attorney's fees.

### **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 25, 2007         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 25, 2007         s/ Lisa C. Bartlett
                                  Courtroom Deputy